# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-0128V

| | |
|---|---|
| CLARENCE MAYES,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: September 12, 2024 |

*David Gregory Rogers*, Rogers, Hofrichter & Karrh, LLC, Fayetteville, GA, for Petitioner.

*Alexa Roggenkamp*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON DAMAGES**[1]

On January 30, 2023, Clarence Mayes ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered from Guillain-Barré syndrome ("GBS"), a Table injury, as a result of an influenza ("flu") vaccine he received on December 3, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 20, 2024, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for his GBS. On September 12, 2024, Respondent filed a Proffer on award of compensation ("Proffer"). Respondent represented that Petitioner agrees with the proffered award. *Id.* at 1 – 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the Proffer, I award the following compensation:

**A lump sum of $93,207.00 (representing $51,500.00 for pain and suffering, and $41,707.00 for past lost wages) in the form of a check payable to Petitioner.** Proffer at 1 – 2. This amount represents compensation for all damages that would be available under Section 15(a). *Id.*

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CLARENCE MAYES,<br><br>       Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | No. 23-128V<br>Chief Special Master Corcoran<br>ECF |

## PROFFER ON AWARD OF COMPENSATION

On January 30, 2023, Clarence Mayes ("petitioner") filed a Petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34, alleging that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to him on December 3, 2020. Petition ("Pet.") at 1.  On February 20, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act and the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 27; ECF No. 28.

**I.      Items of Compensation**

   A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $51,500.00 in pain and suffering. See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

   B.    Lost Wages

Evidence supplied by petitioner documents that she incurred past lost wages related to his

vaccine-related injury.  Respondent proffers that petitioner should be awarded past lost wages in the amount of $41,707.00.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.     Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $93,207.00, in the form of a check payable to petitioner.  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

LARA A. ENGLUND
Assistant Director
Torts Branch, Civil Division

/s/ Alexa Roggenkamp
ALEXA ROGGENKAMP
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
(202) 616-4179

Dated:  September 12, 2024          alexa.roggenkamp@usdoj.gov